**Theodore HUNT, et al., Appellants,**

**v.**

**IBM MID AMERICA EMPLOYEES FEDERAL CREDIT UNION, and Board of Directors of IBM Mid America Employees Federal Credit Union, Respondents.**

**No. C3-84-1359.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Nancy Brostrom Vollertsen, Rochester, for appellants.

Robert W. Patterson, Daniel J. Heuel, Rochester, for respondents.

Considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellants Hunt and Jensen have consolidated their appeals from the trial court's summary judgment in favor of respondent-employer. Appellants contend that summary judgment on their claim of breach of employment contract was inappropriate because genuine issues of material fact remained unresolved. We affirm the trial court with respect to Jensen and reverse with respect to Hunt.

## FACTS

Hunt had been employed as general manager by IBM Mid America Employees Federal Credit Union ("IBM") for two years. Jensen had been employed for four years as a teller. Both employees had an oral contract of employment with the period of employment left indefinite. Because appellants dated over a several month period which culminated in Jensen accompanying Hunt on a business trip to California, IBM had a conference with each of them independently. Jensen's supervisor asked her to resign, but gave her the option of remaining on probation. Hunt was asked by the board of directors to resign. Both appellants elected to resign. An "Employee Reference Manual" given appellants when they were hired contained the following language:

DISCIPLINARY ACTION

If an employee of the credit union is reprimanded or asked to make certain corrections in theif (sic) job performance *they will be placed on probation* and it will be documented and placed in their personnel file. Improvement must be shown or the employee may be terminated.

\* \* \* \* \* \*

DISCHARGE

In the event of a serious offense, an employee will be terminated immediately.

(Emphasis added).

## ISSUE

Is summary judgment appropriate on a claim of breach of employment contract where a policy manual given to at-will employee contains the above language?

## ANALYSIS

■ If there had been no policy manual, and no other oral or written promises claimed, under these facts IBM would be free to discharge both Hunt and Jensen as at-will employees. *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 627 (Minn. 1983). The first question here, then, is whether the "employee reference manual" contractually modifies the at-will employment contract. The Minnesota Supreme Court held that such handbooks may modify at-will employment contracts if the policy language constitutes an offer and if the employee has accepted that offer. *Id.* at 627. The language in the IBM manual is less definite and less detailed than that of the *Pine River* manual. It is definite enough, however, to raise a legitimate question for the factfinder to resolve. That question is whether the language in the manual constitutes an offer and subsequent employee actions constitute an acceptance, thus enlarging the limited understanding contained in true at-will employment.

■ The second question is, assuming the provisions of the manual become incorporated as part of the employment contract, did IBM violate its contract with either appellant by its actions? With respect to Jensen, the answer is no. The material facts are undisputed. Where no genuine factual disputes are raised, and thus no resolution of disputed facts is needed to clarify the application of law, summary judgment is proper. *Holiday Acres No. 3 v. Midwest Federal Savings & Loan Ass'n of Minneapolis*, 308 N.W.2d 471, 480 (Minn.1981). Giving Jensen the benefit of the doubt as to whether the general language relative to discipline in the employee manual legally modified her at-will employment, it is undisputed that Jensen was offered continued employment under probationary status. Whether that offer of probation was genuine is not before us since

Jensen chose to resign. Therefore, even if IBM's employment contract with Jensen was modified by the employee policy manual, Jensen was not improperly terminated.

The propriety of summary judgment against Hunt is different. Although Hunt was *asked* to resign, a question of fact remains as to whether he truly had the option of remaining in a probationary status. The record does not disclose that he was offered probationary status before being asked to resign. *See Neid v. Tassie's Bakery*, 219 Minn. 272, 17 N.W.2d 357 (1945). The policy manual did not define what could constitute a serious offense so as to give the employer the right of immediate termination without probation, and that is a factual issue. Therefore it remains for a trier of fact to determine whether Hunt's at-will contract was modified by the employee policy manual and, if so, whether his contract as modified was breached.

## DECISION

The trial court's grant of summary judgment on appellant Jensen's claim of breach of contract is affirmed. The trial court's decision with respect to appellant Hunt is reversed, and the case remanded for a factual determination of the following issues: 1) whether the employee manual modified Hunt's at-will employment contract; 2) whether the request for Hunt's resignation was in violation of his employment contract.

Affirmed in part, reversed and remanded in part.